IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:24-cr-00471-RAH-KFP |
| | ) | |
| LARENTA DESHAWN DAWKINS | ) | |

## **ORDER**

Defendant Larenta Deshawn Dawkins was indicted on December 4, 2024, and charged with one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). On April 29, 2025, Dawkins filed a *Motion to Suppress Tangible Evidence and Statements and Incorporated Memorandum of Points and Authorities in Support Thereof* (doc. 37), in which he moved the Court to suppress the tangible evidence obtained from a storage unit in Dothan, Alabama, as well as the derivative evidence of those items obtained by law enforcement. He claims that the affidavit made the basis of the search warrant contained false statements and misrepresentations and was not supported by probable cause, and therefore the search and seizure that the warrant authorized violated his Fourth, Fifth, and Fourteenth Amendment rights; thus, any evidence found pursuant to the search must be excluded.

After review of the briefs, the Magistrate Judge found that Dawkins was not entitled to a *Franks* hearing, that no evidentiary hearing was necessary, and recommended that the Court deny Dawkins' Motion to Suppress (doc. 37). Dawkins then timely filed his *Objection and Response to the Report and Recommendation of the Magistrate Judge* (doc. 50), asserting essentially the same arguments as those raised in his Motion to Suppress. Upon an independent and *de novo* review of the

record and for the reasons that follow, the Court **ADOPTS** the Report and Recommendation, and Dawkins' Motion will be **DENIED**.

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3). *De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). However, objections to a magistrate judge's report and recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a report and recommendation is reviewed for clear error. *Id.* And when a party chooses to raise an argument for the first time at the objection phase, rather than allowing the Magistrate Judge to consider it for report and recommendation, it is within the district court's discretion whether to consider those arguments. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *United States v. Holstick*, 810 F. App'x 732, 735 (11th Cir. 2020) (discussing in a motion to suppress context a district court's broad discretion whether to consider an argument first raised at the objection phase and after the magistrate judge submitted the report and recommendation).

Dawkins does not make clearly specific objections to the Magistrate Judge's findings. Instead, he 1) reiterates the arguments he made during his suppression motion's briefing stage (and his Objection contains large copied and pasted sections from those briefs) and 2) argues for the first time that "there is an outlying issue with the manner in which information was obtained by law enforcement officials via subpoena," (doc. 50 at 7).

The reiterated arguments fail for the same reasons detailed in the

2

Recommendation. After an independent review of the record, the parties' briefs, the Recommendation, and the Objection, the Court agrees with the Magistrate Judge and will **ADOPT** the Report and Recommendation.

As to the subpoena issue that Dawkins newly raises in his Objection, the Court need not consider it because it was not brought before the Magistrate Judge. Regardless, it fails. Dawkins argues that the investigating officers did not satisfy the four factors laid out for obtaining a subpoena in *United States v. Powell*, 370 U.S. 48 (1964). The Court fails to see how *Powell* applies here. *Powell* takes place in the federal governmental agency context and explains that a taxpayer may petition a district court to quash a summons issued by the IRS to a third party for information relating to the taxpayer—to defeat the petition, the government agency has the burden to make a prima facie showing that the summons meets the four *Powell* factors. *United States v. Powell*, 379 U.S. 48, 57–58 (1964); *Gomis Rabassa v. United States*, No. 23-12445, 2024 WL 1435103, at *2 (11th Cir. Apr. 3, 2024). Dawkins fails to detail how *Powell* applies to the Houston County District Attorney's Office. Thus, to the extent that Dawkins objects to the Recommendation on the basis that *Powell* applies here, it will be overruled.

## CONCLUSION

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objection, it is **ORDERED** as follows:

1) Dawkins' *Objection and Response to The Report and Recommendation of the Magistrate Judge* (doc. 50) is **OVERRULED**;

2) The Magistrate Judge's Recommendation (doc. 47) is **ADOPTED**; and

3) Dawkins' *Motion to Suppress Tangible Evidence and Statements and Incorporated Memorandum of Points and Authorities in Support Thereof* (doc. 37) is **DENIED**.

**DONE** and **ORDERED** on this the 23rd day of July 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE